**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON**

**CIVIL ACTION NO. 17-40-DLB**

**RYAN KEITH FIELDS**                                                       **PETITIONER**

**VS.**                            **<u>MEMORANDUM OPINION AND ORDER</u>**

**J. RAY ORMOND, Warden**                                    **RESPONDENT**

\*\*\*    \*\*\*    \*\*\*    \*\*\*

Petitioner Ryan Keith Fields is an inmate confined at the United States Penitentiary-McCreary in Pine Knot, Kentucky. Proceeding without an attorney, Fields has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and has paid the filing fee. (Docs. # 1 and 6). Accordingly, the Court will conduct an initial review of Field's petition. 28 U.S.C. § 2243; *Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). After review, and for the reasons set forth below, the Court must deny relief.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

In November 2001, Fields was charged in a three-count indictment with possession with intent to distribute more than 50 grams of cocaine and aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii) and 18 U.S.C. § 2 (Count 1); possession of a firearm in furtherance of a drug trafficking crime and aiding and abetting, in violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 2 (Count 2); and being a felon in possession of a firearm and aiding and abetting, in violation of 18 U.S.C. § 922(g)(1)

1

and 18 U.S.C. § 2 (Count 3). In February 2002, Fields was found guilty by a jury on all three counts. In May 2002, Fields was sentenced to a term of imprisonment of 480 months on Count 1, 60 months on Count 2, and 120 months on Count 3. The term of imprisonment on Count 2 was to run consecutively to the sentences on Counts 1 and 3, for a total aggregate sentence of 540 months of imprisonment, to be followed by a 10-year term of supervised release. *United States v. Fields*, 5:01-cr-127-C-BQ-1 (N.D.Tex. 2001).

In his habeas petition, Fields states that he was sentenced as a career offender under United States Sentencing Guideline § 4B1.1 based on two prior state-court convictions in New Mexico for trafficking controlled substances and aggravated battery. (Doc. # 1-1 at 4, 11). With respect to his aggravated-battery conviction, he specifies that he was convicted of N.M.S.A. § 30-3-5(C), which is felony battery. *Id.* at 14. According to Fields, the Presentence Investigation Report ("PSR") prepared by the Probation Office in his case determined that Fields's Base Offense Level was 37 and his Criminal History Category was VI and recommended a Sentencing Guideline range of 360 months to life imprisonment. *Id.* at 11.

Fields appealed his convictions to the United States Court of Appeals for the Fifth Circuit. His convictions and sentence were affirmed. *Fields*, 5:01-cr-127-C-BQ-1 (Docs. # 81 and 82 therein). The United States Supreme Court denied Fields's petition for writ of certiorari. *Id.* (10/20/2003 Unnumbered Docket Entry).

Fields has filed multiple motions seeking relief from his sentence, including a Motion to Vacate pursuant to 28 U.S.C. § 2255, as well as a Motion to Reduce his

Sentence pursuant to 18 U.S.C. § 3582, both of which have been denied.  *United States v. Fields*, 5:01-cr-127-C-BQ-1 (Docs. # 83, 91, 104, 105, 108, 109, and 116 therein); *Fields v. United States*, 5:14-cv-98-C (N.D. Tex. 2014).  His appeals of these decisions have also been denied.  *Id.* (Doc. # 100 therein).  Although Fields has sought to file a second or successive petition pursuant to 28 U.S.C. § 2255, his first attempt in 2014 failed because of his failure to comply with a Fifth Circuit order directing Fields to seek authorization to file his successive §2255 petition.  *In re: Ryan Fields*, No. 14-10714 (5th Cir. 2014).  Although Fields sought authorization from the Fifth Circuit in 2016 to file a successive § 2255 petition seeking relief pursuant to *Johnson v. United States*, 135 S.Ct. 2551 (2015), this request was denied on the grounds that Fields did not make the requisite showing under *In re. Arnick*, 826 F.3d 787 (5th Cir. 2016), which held that *Johnson* does not apply to a sentence enhanced pursuant to the "residual clause" of § 4B1.2(a)(2) of the Sentencing Guidelines.  *In re: Ryan Fields*, No. 16-10949 (5th Cir. Aug. 16, 2016).

Fields has now filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this Court, arguing that, in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016) and *Johnson*, his prior conviction for aggravated battery is no longer a viable predicate offense for purposes of his classification as a career offender pursuant to § 4B1.1 of the United States Sentencing Guidelines.  Fields invokes the "savings clause" provision of 28 U.S.C. § 2255(e) and *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2017) to contend that he may assert this claim in a § 2241 petition.  However, Fields's petition will be **denied**.

## II. ANALYSIS

Fields may not pursue his claims in this proceeding. A federal prisoner generally may not use a § 2241 petition to challenge the enhancement of his sentence. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). A § 2241 petition may typically only be used as a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). A federal prisoner who instead wishes to challenge the legality of his conviction or sentence must file a motion under § 2255. *Peterman*, 249 F.3d at 461 (explaining the distinction between a § 2255 motion and a § 2241 petition). A habeas corpus petition pursuant to 28 U.S.C. § 2241 may not be used for this purpose because it does not function as an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

The "savings clause" of 28 U.S.C. § 2255(e) creates an extraordinarily narrow exception to this prohibition if the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). A motion under § 2255 is not "inadequate or ineffective" simply because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (holding that § 2241 is available "only when a structural problem in § 2255 forecloses even one round of effective collateral review ..."). In other words, prisoners cannot use a habeas petition

4

under § 2241 as yet another "bite at the apple." *Hernandez*, 16 F. App'x at 360.

The decidedly narrow scope of relief under § 2241 applies with particular force to challenges to the sentence imposed. *Peterman*, 249 F.3d at 462; *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) ("The savings clause of section 2255(e) does not apply to sentencing claims."). In *Hill*, the Sixth Circuit articulated a very narrow exception to this general rule, permitting a challenge to a sentence to be asserted in a § 2241 petition, but only where (1) the petitioner's sentence was imposed when the Sentencing Guidelines were mandatory before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005); (2) the petitioner was foreclosed from asserting the claim in a successive petition under § 2255; and (3) after the petitioner's sentence became final, the Supreme Court issued a retroactively applicable decision establishing that—as a matter of statutory interpretation—a prior conviction used to enhance his or her federal sentence no longer qualified as a valid predicate offense. *Hill*, 836 F.3d at 599-600.

Here, Fields does satisfy the first criteria, as he was sentenced before the Supreme Court decided *Booker*. Nor has he satisfied the third criteria. Fields has not identified a subsequent, retroactive change in statutory interpretation by the Supreme Court that reveals that one of his previous convictions (specifically, his prior aggravated battery conviction) is not a valid predicate offense for purposes of the career-offender enhancement.

Although Fields relies on the United States Supreme Court's decision in *Johnson*, *Johnson* is not applicable here. In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is

unconstitutionally vague, and that imposing an increased sentence under that clause violates the Constitution's guarantee of due process guaranteed under the Fifth Amendment of the U.S. Constitution. *Johnson*, 135 S. Ct. at 2563. Here, Fields alleges that he was determined to be a career offender pursuant to § 4B1.1 of the United States Sentencing Guidelines. (Doc. #1-1, p. 4, 11). He does not allege that he was sentenced under the ACCA, which was the specific statutory scheme addressed in *Johnson*. Thus, *Johnson* does not apply to him. Indeed, in *Beckles v. United States*, 137 S.Ct. 886 (2017), the United States Supreme Court held that the Sentencing Guidelines are not subject to the Due Process Clause's vagueness requirements, rendering them immune from the very type of *Johnson* claim that Fields attempts to assert against his sentence here.

Fields's attempt to rely on *Mathis* also fails. For a claim based upon a recently issued Supreme Court decision interpreting a statute to be cognizable in a § 2241 petition, the holding must be retroactively applicable to cases on collateral review. *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012). For retroactivity purposes, "a case announces a new rule if the result was not *dictated* by precedent existing at the time the defendant's conviction became final." *Teague v. Lane*, 489 U.S. 288, 301 (1989) (internal citations omitted). Adherence to this rule is particularly important in habeas cases as "[h]abeas corpus always has been a *collateral* remedy, providing an avenue for upsetting judgments that have become otherwise final. It is not designed as a substitute for direct review." *Id.* at 306 (quoting *Mackey v. United States*, 401 U.S. 667, 682 (1971) (Harlan, J., opinion concurring in judgments in part and dissenting in part).

The Supreme Court in *Mathis* made abundantly clear that its holding was required by decades-old precedent and hence, did not announce any new rule. *Mathis*, 136 S. Ct. at 2257. The Sixth Circuit has expressly so held. *In re: Conzelmann*, 872 F.3d 375, 376-77 (6th Cir. 2017) (holding that the Supreme Court's holding in *Mathis* was not new, as it "was dictated by prior precedent (indeed two decades worth)," nor has *Mathis* been declared retroactive by the Supreme Court). Therefore, *Mathis* did not announce a new rule, nor has it been held to be retroactive by the Supreme Court. Accordingly, Fields's reliance on *Mathis* is also unavailing.

Moreover, *Mathis* relates solely to the *process* by which a district court evaluates prior offenses to determine if they qualify as predicates; it did not involve interpretation of the substantive reach of a statute such that a defendant might find himself convicted of conduct that the law does not criminalize. *Bousley v. United States*, 523 U.S. 614, 620-21 (1998) (citing *Davis v. United States*, 417 U.S. 333, 346 (1974)). Fields argues that, under the modified categorical approach set forth in *Mathis*, his N.M.S.A. § 30-3-5(C) aggravated battery conviction is no longer a "crime of violence," thus it is no longer a valid predicate felony for purposes of a Guidelines career offender sentencing enhancement. However, courts analyzing this specific statute post-*Mathis* have concluded that a conviction for felony aggravated battery in New Mexico *is* a violent felony and, therefore, remains a valid predicate offense for purposes of a career offender enhancement under the Guidelines. *See United States v. Folse*, No. 15-cr-2485, 2017 WL 4481158, *20-*21 (D.N.M. Oct. 5, 2017); *see also United States v. Mohammed*, No. 16-cv-0404, 2017 WL 4402405, *7-*8 (D.N.M. Sept. 30, 2017). Thus, even if *Mathis* applied retroactively, which

7

it does not, Fields would not be entitled to relief because his prior conviction for aggravated battery remains a "crime of violence" for purposes of the Sentencing Guideline's Career Offender enhancement.

## III. CONCLUSION

Accordingly, for the reasons stated herein,

**IT IS ORDERED** as follows:

(1) Petitioner Ryan Keith Fields's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. # 1) is **DENIED**;

(2) This action is **DISMISSED** and **STRICKEN** from the Court's active docket; and

(3) A Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

This 11th day of January, 2018.



K:\DATA\ORDERS\ProSe\Fields 17-40-DLB Memorandum WHM.docx